**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30378 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00214-RAJ-1 |
| v. | |
| RODRIGO MOURA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted October 12, 2011[**]
Seattle, Washington

Before: KOZINSKI, Chief Judge, BEEZER and PAEZ, Circuit Judges.

Rodrigo Moura appeals the sentence imposed by the district court for one

count of conspiracy to commit unlawful production of identification documents, in

violation of 18 U.S.C. § 371. Specifically, Moura argues that the district court

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

erred both by applying an incorrect Guidelines section and by imposing an unwarranted aggravating role adjustment.  Because we hold that the district court erred in neither respect, we affirm.

We have jurisdiction over this matter pursuant to 28 U.S.C. § 1291.  The facts of this case are known to the parties.  We need not repeat them here.

I

We review de novo the district court's interpretation of the Sentencing Guidelines, but have "noted an intracircuit conflict as to whether the standard of review for application of the Guidelines to the facts is de novo or only for abuse of discretion."  *United States v. Laurienti*, 611 F.3d 530, 551–52 (9th Cir. 2010) (quoting *United States v. Yip*, 592 F.3d 1035, 1038 (9th Cir. 2010)).  Because the disposition of this case would be identical under either standard, we do not resolve that question here.

We review for clear error a district court's determination that a defendant's conduct merits an aggravating role adjustment.  *United States v. Maldonado*, 215 F.3d 1046, 1050 (9th Cir. 2000).

II

Moura alleges that the district court erred by applying U.S.S.G. § 2C1.1 instead of § 2C1.2.  We do not agree.  In determining the most applicable offense

Guidelines section, "[t]he Statutory Index in Appendix A provides a list of statutory offenses and their corresponding offense guidelines to which courts should turn for guidance." *United States v. Takahashi*, 205 F.3d 1161, 1166 (9th Cir. 2000). Moura pleaded guilty to a violation of 18 U.S.C. § 371. Appendix A lists a number of possible Guidelines sections courts may apply to a violation of § 371. U.S.S.G. app. A. Section 2C1.1 is one such section; § 2C1.2 is not. The Guidelines sections' commentary likewise enumerates statutory offenses to which courts may apply those sections. Section 2C1.1's commentary lists § 371, whereas § 2C1.2's does not. U.S.S.G. §§ 2C1.1 cmt. statutory provisions, 2C1.2 cmt. statutory provisions. There is no indication that the Sentencing Commission intended for district courts to apply § 2C1.2 to § 371 violations involving conspiracy to bribe a public official.

Moura is incorrect that his offense conduct more closely resembles the giving of illegal gratuities than bribery, and in any event his is not the atypical case in which a district court should ignore the Guidelines' statutory index and instead choose the Guidelines section based on the nature of the offense conduct. *United States v. Weber*, 320 F.3d 1047, 1051–52 (9th Cir. 2003). Section 2C1.2 is not applicable in this case.

III

Moura next argues that the district court should not have applied a two-level aggravating role adjustment. The court, after considering the factors set forth in the application notes to § 3B1.1, determined that Moura's conduct comported with that of an organizer, leader, manager or supervisor under § 3B1.1(c). Again Moura is mistaken. "An increase of offense level for an aggravating role is appropriate if there is sufficient evidence to support a finding that the defendant occupied one of the four specified roles." *Maldonado*, 215 F.3d at 1050. Moura admitted to recruiting the two Department of Licensing employees into his scheme and paying them for each successful application. The district court properly applied a § 3B1.1(c) adjustment.

**AFFIRMED.**